UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMANUEL D. SMITH, | Case No. 2:18-cv-02061-MMD-EJY |
| Plaintiff, | ORDER |
| v. | |
| JAMES COX, *et al.* | |
| Defendants. | |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On October 29, 2019, the Court issued an order dismissing the complaint with leave to amend, and directed Plaintiff to file an amended complaint within 30 days. (ECF No. 8 at 6.) The 30-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

1    In determining whether to dismiss an action for lack of prosecution, failure to obey

2    a court order, or failure to comply with local rules, the court must consider several factors:

3    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

4    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

5    disposition of cases on their merits; and (5) the availability of less drastic alternatives.

6    *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

7    130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

8    Here, the Court finds that the first two factors, the public's interest in expeditiously

9    resolving this litigation and the Court's interest in managing the docket, weigh in favor of

10    dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of

11    dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

12    in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*

13    *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring the

14    disposition of cases on their merits—is greatly outweighed by the factors in favor of

15    dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

16    the court's order will result in dismissal satisfies the "consideration of alternatives"

17    requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

18    F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within

19    thirty days expressly stated: "It is further ordered that, if Plaintiff chooses not to file an

20    amended complaint curing the stated deficiencies of the complaint, this action will be

21    dismissed without prejudice." (ECF No. 8 at 6.) Thus, Plaintiff had adequate warning that

22    dismissal would result from his noncompliance with the Court's order to file an amended

23    complaint within thirty days.

24    It is therefore ordered that this action is dismissed without prejudice based on

25    Plaintiff's failure to file an amended complaint in compliance with this Court's October 29,

26    2019, order.

27    ///

28    ///

It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 6) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 12th day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE